```
1  F. Sigmund Luther, SBN 95315
   401 West A Street, Suite 1625
2  San Diego, California 92101-3542
   619-239-0755 (telephone)
3  619-239-0541 (facsimile)

4  Attorney for defendant
   Jamacha Road Associates, LLC
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karel Spikes, | Case No. 07-CV-2396 IEG WMc |
| Plaintiffs,<br>v. | Answer of Defendant Jamacha Road Associates, LLC, to Complaint |
| JD Collision Center, Inc., et al., | |
| Defendants. | |

Defendant Jamacha Road Associates, LLC, answers the complaint filed in this action and alleges as follows:

1. Answering Paragraphs 1 and 2, defendant admits the allegations contained therein.

2. Answering Paragraphs 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 34, 35, and 36, defendant alleges that defendant does not have sufficient information or belief to be able to answer the allegations of said paragraphs and, basing its denial on that ground, denies the allegations thereof.

3. Answering Paragraph 7, defendant admits that defendant is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of California and the owner of the real property commonly known as 8730, 8740, and 8750 Jamacha Road, Spring Valley, California. With the foregoing exceptions, defendant denies the allegations of said paragraph.

4. Answering Paragraphs 18, 21, 26, and 33, defendant incorporates by reference defendant's responses above in Paragraphs 1 through 3.

5. Defendant alleges, on information and belief, the following new matter as constituting affirmative defenses:

5.1 Plaintiff did not exercise ordinary care, caution, and/or prudence, and the resultant alleged injuries and/or damages, if any, were legally contributed to or caused by plaintiff's carelessness and negligence, thus barring or diminishing plaintiff's recovery against defendant.

5.2 Any alleged wrongful acts or deprivation of rights were legally caused by third parties other than defendant, thus barring or diminishing plaintiff's recovery against defendant, and defendant is entitled to contribution and/or indemnification from such third parties.

5.3 Plaintiff lacks standing and/or is not a member of the class intended to be protected by the applicable laws alleged in the complaint; accordingly, plaintiff's claim should be barred.

5.4 Plaintiff failed to take reasonable actions or make reasonable expenditures to mitigate plaintiff's damages, if any; accordingly, plaintiff's damages should be barred or diminished to the extent of plaintiff's failure reasonably to mitigate such damages, if any.

5.5 Plaintiff's request for equitable relief is barred by the doctrine of unclean hands.

5.6 Without admitting that defendant engaged in any wrongful act or conduct alleged in the complaint, any such act or conduct that defendant may have engaged in was reasonable, justified, in good faith, privileged, and for legitimate, nondiscriminatory business reasons.

5.7 Each of the barriers and/or structures about which plaintiff complains in the complaint are, and have been, structures completed in accordance with all applicable laws and permits at the time of such construction; consequently, defendant has no duty to modify, alter, or repair such structures.

5.8     The modifications and alterations to the improvements on the property that is the subject of the complaint as alleged by plaintiff would require renovations that are not readily achievable, and the cost to accomplish such renovations would be disproportionate to the cost of the overall alterations.

5.9     Prior to commencing this action, plaintiff failed to deliver to defendant an unambiguous notice specifying the proposed modifications to defendant's property that plaintiff believed constituted violations of accessibility laws, and as a consequence of plaintiff's failure to deliver such notice, any award of attorney's fees that plaintiff might have otherwise been entitled to receive should be reduced or barred completely.

6.     Defendant demands judgment for:

6.1     Order that plaintiff takes nothing by way of plaintiff's complaint.

6.2     Costs of suit incurred herein, including reasonable attorney's fees as may be allowed under applicable law.

6.3     All other proper order and provisional remedies.

Dated: January 22, 2008

F. Sigmund Luther, attorney for defendant
Jamacha Road Associates, LLC

1  Case No. 07-CV-2396 IEG WMc
   Karel Spikes v. JD Collision Center, Inc.
2
   F. Sigmund Luther, SBN 95315
3  401 West A Street, Suite 1625
   San Diego, California 92101-3542
4  619-239-0755 (telephone)
   619-239-0541 (facsimile)
5
   Attorney for defendant
6  Jamacha Road Associates, LLC

7                    PROOF OF SERVICE BY MAIL
8
   I, the undersigned, certify and declare that I am over the age of 18 years, employed in San Diego
9  County, California, and not a party to the above-entitled cause. On January 22, 2008, I served a
   true copy of the Answer to Complaint by personally delivering it to the person indicated below in
10 the manner as provided in FRCivP 5(b) by depositing it in the United States mail in a sealed
   envelope with the postage thereon fully prepaid to the following:
11
12 Amy B. Vandeveld
   1850 Fifth Avenue, Suite 22
13 San Diego, California 92101

14 I hereby certify that I am employed in the office of a member of the Bar of this Court at whose
   direction the service was made.
15

16 I hereby certify under penalty of perjury that the foregoing is true and correct.

17

18 *Mary Cunningham* (signature)
   _____
19 Mary Cunningham

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE BY MAIL