**TOMAS A. SHPALL, ESQ. (SBN 108622)**
*ROSENBERG, SHPALL & ASSOCIATES*
A PROFESSIONAL LEGAL CORPORATION
WELLS FARGO PLAZA
**401 "B" Street, Suite 2209**
**San Diego, California  92101**
**Telephone: (619) 232-1826**
**Facsimile: (619) 232-1859**

Attorney for: **Defendant/MD AUTO REPAIR AND TIRES**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,  ) | Case No.: 07 CV 2396 IEG WMc |
| ) | |
| ) | **DEFENDANT MD AUTO REPAIR AND** |
| **Plaintiff,**  ) | **TIRES' ANSWER TO CIVIL COMPLAINT** |
| v.  ) | |
| ) | |
| JD COLLISION CENTER, INC.; PRECISION  ) | |
| MOTORS; MD AUTO REPAIR & TIRES,  ) | |
| JAMACHA ROAD ASSOCIATES, LLC and  ) | |
| Does 1-21, Inclusive  ) | |
| ) | |
| ) | |
| **Defendants.**  ) | |
| ) | |

Defendant, MD AUTO REPAIR AND TIRES, (hereinafter "Defendant")  answers the complaint filed in this action and alleges as follows:

1.    Answering Paragraphs 1 and 2, Defendant admits the allegations contained therein.

2.    Answering Paragraph 3, Defendant denies the allegations contained therein.

3.    Answering Paragraph 4, Defendant admits the allegations contained therein.

4.    Answering Paragraph 5, Defendant admits the allegations contained therein.

5.    Answering Paragraph 6, Defendant admits the allegations contained therein.

6.    Answering Paragraph 7, Defendant admits the allegations contained therein.

7.    Answering Paragraph 8, Defendant denies the allegations contained therein.

8.    Answering Defendant  is in possession of insufficient facts to admit or deny the allegations contained in Paragraph 9 of Plaintiff's complaint and on that basis denies said allegations.

9.      Answering Paragraph 10, Defendant denies the allegations contained therein.

10.     Answering Defendant is in possession of insufficient facts to admit or deny the allegations contained in Paragraph 11 of Plaintiff's complaint and on that basis denies said allegations.

11.     Answering Defendant is in possession of insufficient facts to admit or deny the allegations contained in Paragraph 12 of Plaintiff's complaint and on that basis denies said allegations.

12.     Answering Defendant is in possession of insufficient facts to admit or deny the allegations contained in Paragraph 13 of Plaintiff's complaint and on that basis denies said allegations.

13.     Answering Defendant is in possession of insufficient facts to admit or deny the allegations contained in Paragraph 14 of Plaintiff's complaint and on that basis denies said allegations.

14.     Answering Defendant is in possession of insufficient facts to admit or deny the allegations contained in Paragraph 15 of Plaintiff's complaint and on that basis denies said allegations.

15.     Answering Paragraph 16, Defendant denies the allegations contained therein.

16.     Answering Defendant is in possession of insufficient facts to admit or deny the allegations contained in Paragraph 17 of Plaintiff's complaint and on that basis denies said allegations.

17.     Answering Defendant incorporates by reference Defendant's responses above in Paragraphs 1 through 16 in answering Paragraph 18 of Plaintiff's complaint.

18.     Answering Paragraph 19, Defendant denies the allegations contained therein.

19.     Answering Paragraph 20, Defendant denies the allegations contained therein.

20.     Answering Defendant incorporates by reference Defendant's responses above in Paragraphs 1 through 19 in answering Paragraph 21 of Plaintiff's complaint.

21.     Answering Paragraph 22, Defendant denies the allegations contained therein.

22.     Answering Paragraph 23, Defendant denies the allegations contained therein.

23.     Answering Paragraph 24, Defendant denies the allegations contained therein.

24.     Answering Paragraph 25, Defendant denies the allegations contained therein.

25.     Answering Defendant incorporates by reference Defendant's responses above in Paragraphs 1 through 24 in answering Paragraph 26 of Plaintiff's complaint.

26.     Answering Paragraph 27, Defendant denies the allegations contained therein.

27.     Answering Paragraph 28, Defendant denies the allegations contained therein.

28.     Answering Paragraph 29, Defendant denies the allegations contained therein.

29.     Answering Defendant incorporates by reference Defendant's responses above in Paragraphs 1 through 28 in answering Paragraph 30 of Plaintiff's complaint.

30.     Answering Paragraph 31, Defendant denies the allegations contained therein.

31.     Answering Paragraph 32, Defendant denies the allegations contained therein.

32.     Answering Defendant incorporates by reference Defendant's responses above in Paragraphs 1 through 31 in answering Paragraph 33 of Plaintiff's complaint.

30.     Answering Paragraph 34, Defendant denies the allegations contained therein.

31.     Answering Paragraph 35, Defendant denies the allegations contained therein.

32.     Defendant alleges, on information and belief, the following new matter as constituting affirmative defenses:

## AFFIRMATIVE DEFENSES

33.     Defendant alleges that the complaint and each claim for relief thereof, on file herein, fails to state facts sufficient to constitute a claim for relief against this Defendant.

34.     Defendant alleges Plaintiff's claims are preempted by Federal law.

35.     Defendant alleges that any all damages, if any, sustained or to be sustained by Plaintiff were proximately caused and contributed to by the joint and several negligence of Plaintiff, Co-Defendant and the fictitiously named DOE Defendants, and, accordingly, liability or damages, if any, must be apportioned, reduced or barred in accordance with the law of comparative liability.

36.     Defendant alleges that Plaintiff did not exercise ordinary care, caution and/or prudence, and the resultant alleged injuries/damages, if any, were legally contributed to or caused by Plaintiff's carelessness and negligence, thus barring or diminishing Plaintiff's recover against Defendant.

37.     Defendant alleges that any alleged wrongful acts or deprivation of rights were legally caused by third parties other than Defendant, thus barring or diminishing Plaintiff's recovery against Defendant, and Defendant is entitled to contribution and/or indemnification from such third parties.

38.     Defendant alleges that Plaintiff lacks standing and/or is not a member of the class intended to be protected by the applicable laws alleged in the complaint; accordingly, Plaintiff's claims should be barred.

39.     Defendant alleges that Plaintiff failed to take reasonable actions or make reasonable expenditures to mitigate Plaintiff's damages, if any; accordingly, Plaintiff's claims should be barred.

40.     Defendant alleges that Plaintiff's request for equitable relief is barred by the doctrine of unclean hands.

41.     Defendant alleges, without admitting that Defendant engaged in any wrongful act or conduct alleged in the complaint, any such act or conduct that Defendant may have engaged in was reasonable, justified and in good faith, privileges, and for legitimate, nondiscriminatory business reasons.

42.     Defendant alleges that each of the barriers and/or structures about which Plaintiff complaint in the complaint are, and have been, structures completed in accordance with all applicable laws and permits at the time of such construction, consequently, Defendant has no duty to modify, alter or repair such structures.

43.     Defendant alleges that the modifications and alterations to the improvements on the property that is the subject of the complaint as alleged by Plaintiff would require renovations that are not readily achievable, and the cost to accomplish such renovations would be disproportionate to the cost of the overall alterations.

44.     Defendant alleges that prior to commencing this action, Plaintiff failed to deliver to Defendant an unambiguous notice specifying the proposed modifications to Defendant's property that Plaintiff believed constituted violations of accessibility laws, and as a consequence of Plaintiff's failure to deliver such notice, any award of attorney's fees that Plaintiff might have otherwise been entitled to receive should be reduced or barred completely.

/////
/////
/////
/////
/////
/////
/////
/////

45.    Defendant alleges it currently has insufficient knowledge or information upon which to determine whether or not additional affirmative defenses may be available to it which have not been asserted in this answer.  This Defendant, therefore reserves the right to assert additional affirmative defenses based upon subsequent discovery.

**WHEREFORE**, Defendant prays for judgment as follows:

1.  Plaintiff takes nothing by way of Plaintiff's complaint;

2.  For costs of suit incurred herein;

3.  Reasonable attorney fees; and

4.  For such further relief that the Court deems just and proper.

Respectfully Submitted:

ROSENBERG, SHPALL & ASSOCIATES, APLC

_____
Date

_____
Tomas A. Shpall, Attorney for Defendant
MD AUTO REPAIR AND TIRES

Case No: 07-CV 2396 IEG WMc
*Karel Spikes b. JD Collision Center, et al.*

**TOMAS A. SHPALL, ESQ.** (SBN 108622)
*ROSENBERG, SHPALL & ASSOCIATES*
A PROFESSIONAL LEGAL CORPORATION
WELLS FARGO PLAZA
**401 "B" Street, Suite 2209**
**San Diego, California  92101**
**Telephone: (619) 232-1826**
**Facsimile: (619) 232-1859**

Attorney for: **Defendant/MD AUTO REPAIR AND TIRES**

## PROOF OF SERVICE VIA FIRST CLASS MAIL

        I, the undersigned, certify and declare that I am over the age of 18 years, employed in San Diego County, California and not a party to the above-entitled action.  On January 31, 2008, I served a true copy of MD AUTO REPAIR and TIRES' Answer to Complaint by personally delivering it to the person indicated below in the matter as provided by FRCivP 5(b) by depositing it in the United States mail in a sealed envelope with postage thereon fully prepaid to the following:

Amy B. Vandeveld, Esquire
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, California 92101
(*Attorney for Plaintiff KAREL SPIKES*)

F. Sigmund Luther, Esquire
401 West "A" Street, Suite 1625
San Diego, California 92101
(*Attorney for Defendant JAMACHA ROAD ASSOCIATES, LLC*)

   I hereby certify that I am employed at the office of a member of the Bar of the Court at whose direction this service was made.

   I hereby certify under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

_____
Laura M. Harter

Z:\EMELIE\My Documents\Documents\TOM\JD MD Precision Auto\Pleadings\MD Answer to Complaint.wpd